IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

HUGH MASON,
Petitioner,

v. Civil Action No. 3:26CV356 (DJN)

J. BIENEMY,
Respondent.

**MEMORANDUM OPINION**

Hugh Mason, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 5.)[1] Respondent has filed a Motion to Dismiss (ECF No. 10), and despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (ECF No. 12),[2] Mason has not filed a response. For the reasons set forth below, the Court will GRANT the Motion to Dismiss (ECF No. 10) and DENY the § 2241 Petition (ECF No. 5), because Mason has already received the relief he requested in his petition.

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the capitalization, punctuation, and spelling in quotations from the parties' submissions.

## I. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

## II. PROCEDURAL HISTORY

Mason is currently detained in the Federal Correctional Complex in Petersburg, Virginia. Mason is serving a 228-month sentence imposed by this Court for his convictions of possession with intent to distribute more than 100 grams of heroin and fentanyl. (*See* ECF No. 11–1 at 4); *United States v. Mason*, No. 3:22cr66 (E.D.Va. May 22, 2023), ECF No. 40.[3] Mason is projected to be released on April 26, 2038. (ECF No. 11–1 ¶ 4.)

## III. ANALYSIS

### A. Mason's Claim

In his § 2241 Petition, Mason raises the following claim:

> Claim One: "Whether the Bureau of Prisons has the right to deny prisoners the right to receive First Step Act Credits under a law passed by Congress. Congress's intent was to prevent individuals with crimes of violence[] from receiving First Step Act Credits. Seeing as there [are] no guns or deaths in my case the prerequisite of violence is not there." (ECF No. 5, at 7.)

As discussed below, the Bureau of Prisons has found that Mason is indeed eligible to earn good conduct time credits under the First Step Act. Therefore, his claim is both lacking in merit and moot.

### B. The First Step Act

The First Step Act of 2018 ("the FSA") was enacted on December 21, 2018. *See* Pub. L. No. 115–391, 132 Stat. 5194. Section 102(b) of the FSA provides that federal inmates can earn additional Good Conduct Credits than those specified previously in 18 U.S.C. § 3624(b). Specifically, inmates may earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," and those inmates who are "at a minimum or low risk for recidivating who, . . . [have] not increased

---

3 Mason was also convicted in this Court in 2004 for possession with intent to distribute cocaine base. (ECF No. 11-1, at 5–6); *see United States v. Mason*, No. 3:04cr74 (E.D. Va. Sept. 2, 2004), ECF No. 22.

their risk of recidivism" may earn "an additional 5 days of time credits" for completion of that programming. 18 U.S.C. § 3632(d)(4)(A). Those inmates who have committed certain crimes listed in § 3632(d)(4)(D) are ineligible for the additional credits.

### C. Mason's Claim is Moot

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Mason filed his § 2241 Petition on May 29, 2026. At that time, the Bureau of Prisons had deemed him ineligible to earn First Step Act time credits. (*See* ECF No. 11–1 ¶ 5 (citation omitted).) Accordingly, in his § 2241 Petition, Mason essentially requested that the BOP reconsider his eligibility to earn FSA time credits. After the filing of his § 2241 Petition, the Bureau of Prisons reviewed Mason's case, and as of August 13, 2026, determined that "he is eligible to earn FSA time credits." (ECF No. 11-1 ¶ 6 (citation omitted).) Therefore, the FSA time credits that Mason sought in his § 2241 Petition have been applied,[4] and Mason's requested

---

[4] Respondent explains that "Mr. Mason's projected released date will be updated to reflect FSA time credits after his next FSA time credit assessment." (ECF No. 11-1 ¶ 7.)

relief is now moot.[5] Accordingly, the Motion to Dismiss (ECF No. 10) will be GRANTED, and the § 2241 Petition (ECF No. 5) will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Motion to Dismiss (ECF No. 10). The Court will DENY Mason's § 2241 Petition (ECF No. 5). The Court will DISMISS the action.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Mason.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 2, 2026

5 Respondent also argues that Mason failed to exhaust his administrative remedies. (ECF No. 11 at 4–7.) The Court need not address that argument because Mason's claim is moot.